

**IN THE COURT OF CRIMINAL APPEALS
OF TEXAS**

NO. WR-92,582-02

**EX PARTE ROLANDO CALDERILLA, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 23810A IN THE 356TH DISTRICT COURT
OF HARDIN COUNTY**

*Per curiam.*

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation and sentenced to ninety-nine years' imprisonment. The Ninth Court of Appeals affirmed his conviction. *Calderilla v. State*, No. 09-19-00113-CR (Tex. App.—Beaumont June 24, 2020)(not designated for publication).

Applicant contends that he was denied the right to file a petition for discretionary review (PDR) to this Court. He alleges that counsel failed to timely inform him of his right to file a pro se

PDR.  Counsel provided an affidavit to the Court stating that he does not have a copy of such letter, but that his normal practice would be to send such a letter to Applicant.

Applicant has alleged facts which, if true, might entitle him to relief.  *Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006).  In these circumstances, additional facts are needed.  As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d), in that it shall order the Texas Department of Criminal  Justice's Office of the General Counsel to file an affidavit and obtain mail room logs listing whether Applicant received any legal mail from the date the appellate opinion issued, June 24, 2020, until the date mandate issued in the case, August 18, 2020.  If any legal mail was received the affidavit shall state from whom the mail was received and when it was delivered to Applicant.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing.  TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact as to whether Applicant received any legal mail during the time frame when he could have filed a pro se PDR.  The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues.  The issues shall be resolved within 90 days of this order.  If any continuances are granted, a copy of the order granting the continuance shall be sent to this Court. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed: July 27, 2022
Do not publish